**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VERNON ODDEN

       Plaintiff,

                                     CASE NO. 05-74090

v.                              HON. LAWRENCE P. ZATKOFF
                                     MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION AND ORDER**

Plaintiff filed the instant case seeking Social Security disability insurance benefits. This matter is currently before the Court on Magistrate Judge Majzoub's Report and Recommendation of January 10, 2007, in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be DENIED, Defendant's Motion for Summary Judgment be DENIED, and the case be REMANDED for further proceedings. Defendant has filed objections to the Report and Recommendation.

After a thorough review of the transcript, the respective parties' motions, the Report and Recommendation, and Defendant's objections, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

Additionally, the Court will address Defendant's objections. The Magistrate Judge found that the Administrative Law Judge ("ALJ") failed to inquire whether there was a conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"), as required by SSR 00-4p. Defendant agrees that the ALJ did not follow SSR 00-4p, but argues that the error was harmless.

The Court agrees that a harmless error need not warrant remand. *See Kobetic v. Comm'r*, 114 Fed. Appx. 171 (6th Cir. 2004). However, Defendant has not shown that the error in this case was harmless. The Seventh Circuit recently addressed a similar issue in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006). As in the instant case, the ALJ in *Prochaska* failed to inquire into conflicts between the Vocational Expert's testimony and the DOT. The Seventh Circuit noted that:

> [The plaintiff] contends, the ALJ asked the expert for work that could be done by someone who could only "occasionally reach above shoulder level" while a cashier's requirements, under the DOT, include "reaching" frequently. It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. We cannot determine, based on the record, whether the expert's testimony regarding stooping or reaching was actually inconsistent with the DOT.

*Id.* at 736. Likewise, in the instant case the ALJ found that Plaintiff's ability to perform all the requirement of light work "is impeded by additional exertional and/or non-exertional limitations." R. at 22. Specifically, Plaintiff "should be afforded the opportunity to alternate sitting and standing at will, along with no overhead reaching." R. at 19. However, the two DOT listings submitted by Defendant both include frequent reaching. Thus, the Court cannot determine whether the Vocational Expert's testimony was inconsistent with the DOT.

Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with the Court's Opinion and Order and Magistrate Judge Majzoub's Report and Recommendation.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 21, 2007

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 21, 2007.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290